UNITED STATES of America

v.

**William Hilliard CLAYPOOLE, Appellant.**

**No. 11604.**

United States Court of Appeals Third Circuit.

Argued Nov. 14, 1955.

Decided Dec. 7, 1955.

 

James M. Davis, Jr., Mount Holly, N. J. (Powell & Davis, Mount Holly, N. J., on the brief), for appellant.

George H. Barlow, Asst. U. S. Atty., Trenton, N. J. (Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The defendant, a postmaster, was prosecuted under two indictments. The first was filed July 14, 1953 and consisted of four counts. The second was filed March 2, 1954 and contained twenty counts. The two cases were consolidated for trial. The jury found the defendant guilty on counts 1, 2 and 3 of the first indictment and on counts 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the second indictment. The defendant was sentenced to a year and a day on each count of both indictments on which he was found guilty, all sentences to run concurrently.

There is no doubt that the defendant's written statement plus his own testimony was sufficient to sustain his conviction on count 3 of the first indictment, charging a violation of 18 U.S.C. § 2071(b), because of the concealment of an invoice for return-card stamped envelopes. It is equally clear from the record that there was ample evidence to support the defendant's conviction on count 4 of the second indictment, charging a violation of 18 U.S.C. § 1711, because of his failure to enter a shipment of $\frac{1}{2} \cancel{c}$ stamps in his accounts until the following quarter. Since the sentences imposed on these two counts of both indictments are to run concurrently with all the other sentences imposed, it is unnecessary to consider any questions raised in connection with the other counts. Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 105, 63 S.Ct. 1375, 87 L.Ed. 1774; Brooks v. United States, 1925, 267 U.S. 432, 441, 45 S.Ct. 345, 69 L.Ed. 699; Marteney v. United States, 10 Cir., 1954, 218 F.2d 258, 261.

We have examined all points raised by the defendant, including the sufficiency of the court's charge as to the evidence relative to the defendant's good reputation and the effect of the exculpatory language in the statement made by the defendant. We can perceive no error. Accordingly, the judgment of the court below will be affirmed.